By the Court.—Dugro, J.
This action was brought recover on before Ingraham, J., and a jury, the plaintiff had a verdict for $1,000.
*319 It appears from the evidence that on July 6th, 1884, the plaintiff, her brother, Mr. Russell, and her brother-in-law, Mr. Gilbert, were at Peekskill and purchased tickets for New York, intending to take the train due in Peekskill at 7.46 p. m. The train was late, and a large number of passengers on the station platform were waiting for it. When the train arrived plaintiff and her companions stepped aboard. They could find no seats, the cars were crowded with people standing up. The conductor directed them to get off and stated that another car would be put on. Alighting from the car, they, with a number of people, walked forward to obtain seats in the new car. When they came forward the train had been separated, and they got on the forward end of the car where the break was; the plaintiff went inside the car and stood in the forward part. The engine and other cars backed down to be attached. Mr. Russell stood next plaintiff, just inside the door, and Mr. Gilbert stood between Russell and the platform, and there were a number of persons on the platform. When the cars came together, either the conductor or the brakeman called out “ all aboard,” and the passengers at once began to enter' the empty car. A number of persons safely passed from the car in which plaintiff was, into the new car over the platform (there being no guard chains at the ends of the cars). The plaintiff then passed forward and just as she had lifted her foot to step upon the platform of this forward car, the cars separated and she fell between them on the bed of the road and was injured.
It seems that the cars separated because the coupling was not properly effected at the time the cars came in contact; this was on account of the failure of the draw-heads to catch, caused by the inability of the engine to move with exactly sufficient force to accomplish the purpose. It was testified to by defendant that the success or failure of an attempt to couple cars depends on varying conditions, and all that is possible is the exercise of the best judgment of competent and experienced men.
*320 At the close of plaintiff’s testimony the defendant moved to dismiss the complaint on the ground that no negligence had been shown on the part of the defendant and that it appeared plainly that there was negligence on the part of the plaintiff. The motion was denied, and defendant excepted. The motion was renewed at the end of the case and again denied; and the learned trial justice also denied defendant’s motion to direct a verdict in its favor on the ground -that no negligence had been shown on the part of the defendants, and that the plaintiff’s negligence had contributed to the injury. The court denied the motion, and submitted all the questions of negligence on the part of the defendant, and of contributory negligence on the part of the plaintiff fully and fairly to the jury.
The requests to charge, made by defendant’s counsel were unnecessary, the judge having in effect charged as requested. No error was committed by the learned trial judge in his rulings on the motions to dismiss, and for judgment for the defendant. The charge was as favorable for the defendant as the law and the circumstances permitted, and was a correct and succinct statement of' the law of negligence bearing on the case. There was no error in the judge’s refusing to charge as requested by the defendant “ that the plaintiff was bound to wait on the car where she was in a safe place until the coupling was complete.” The plaintiff could not know except by supposition when the coupling was complete, and there was sufficient evidence, in the contact of the cars and the action of the other passengers, tending to show a reasonable ground for belief that the coupling was effected—to go to the jury.
There were no guard chains on the platforms at the end of these cars. Ames, one of the defendants’ witnesses, says that defendant had such chains on drawing-room and sleeping cars. We believe that when the coupling of cars was attempted at a point where the track was on a curve and the probability of a success in effecting *321 a coupling was a matter of uncertainty, the absence of any chain or other physical means of preventing passengers from attempting a passage from the car in which the plaintiff was standing to the empty car, until a proper coupling was effected, taken with the fact that no person was stationed on either of the cars at the point where a passage would naturally be made, to warn passengers when such an attempt would be dangerous or to prevent passengers from making such an attempt, raises a question of negligence which it was proper that the jury should determine.
The imputation of negligence against the plaintiff depended very much upon the observance of all proper precautions on the part of the defendant. Dickens v. N. Y. Central R. R. Co., 1 Keyes, 47.
Although it be conceded that plaintiff did not look toward the platforms, the absence of guard chains, the passage of others before her into the adjoining car, the rushing of people by her, in fact all the circumstances of the case, are such as raise a question in regard to contributory negligence on the part of the plaintiff which should have been determined by a jury.
When the facts are undisputed, and are such that it would be impossible for fair-minded men of intelligence to draw from them any inference to relieve plaintiff from the charge of negligence, then the question of negligence becomes a question of law for the court. Kellogg v. N. Y. Central R. R. Co., 79 N. Y., p. 76 and 77.
Judge Danforts in the case of Greany v. Long Island R. R. Co., 101 N. Y. p. 425 says: “I know of no exception to the doctrine that where there is any evidence direct or inferential of care or caution on the part of the person injured, the question whether it was in compliance with that rule is for the jury.”
As it does not appear that there was entire absence of inferential evidence that the plaintiff did exercise care or caution, the question went properly to the jury.
*322 The order denying defendant’s motion to set aside the verdict and grant a new trial must be affirmed with costs.
Sedgwick, Ch. J., and Truax, J., concurred.